## RABE v. METROPOLITAN LIFE INS. CO.

### Civ. No. 601.

District Court, D. Massachusetts.

Sept. 10, 1940.

392

Ira L. Pollock, of Taunton, Mass., for plaintiff.

Jeremiah W. Mahoney and Lyne, Woodworth & Evarts, all of Boston, Mass., for defendant.

### Findings of Fact.

McLELLAN, District Judge.

This motion by the defendant for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is accompanied by affidavits. The plaintiff filed no affidavits and offered no evidence. This was due to no lack of opportunity. The complaint contains five counts, but it is sufficient to state that as beneficiary of an insurance policy, the plaintiff seeks to recover, with interest thereon, $3,000, the amount for which the insured's life was originally insured, and in addition thereto, the amount, with interest, of certain weekly payments as for the total and permanent disability of the insured. The policy was issued in 1923 and the last payment of a premium was made in 1924, at which time the policy had earned no cash surrender value. In 1934, some ten years after the last premium payment, the insured died. The policy provided in substance that upon due and timely proof of the insured's total and permanent disability, the payment of premiums would be waived. The complaint alleged no such proof and there was no due proof of such total and permanent disability as resulted in a waiver of the payment of premiums.

Other material facts appear in the defendant's affidavits filed with the motion. The pleadings and the affidavits are incorporated herein by reference and the affidavits are found to be in accordance with the facts. Upon the whole record, I find that as early as the year 1925, the policy lapsed for non payment of the premiums for which it provides.

### Conclusions of Law.

The pleadings in connection with the rest of the record, including the affidavits on file, show that in the words of Rule 56, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The defendant's motion for summary judgment is granted and judgment is to be entered for the defendant, but for reasons not necessary here to state, neither party is to recover costs.